Case 3:13-cv-02620-JEJ   Document 26   Filed 02/17/15   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA MARY GONZALEZ, | : | 3:13-cv-2620 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Gerald B. Cohn |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | : | |
| Defendants. | : | |

# ORDER

**February 17, 2015**

**AND NOW**, upon consideration of the Report and Recommendation of United States Magistrate Judge Gerald B. Cohn (Doc. 24), recommending that the decision of the Commissioner of Social Security denying Plaintiff's social security disability insurance be vacated and the case be remanded to the Commissioner of Social Security to develop the record fully, conduct a new administrative hearing, and appropriately evaluate the evidence, and noting that the Commissioner filed a letter (Doc. 25) with the Court advising that she does not object to the Magistrate Judge's recommendation,[1] and after an independent review of the record and the

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good

1

Court finding Judge Cohn's analysis to be thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Cohn (Doc. 25) is **ADOPTED** in its entirety.

2. The decision of the Commissioner of Social Security denying Plaintiff's social security disability insurance and supplemental security income is **VACATED**.

3. This matter is **REMANDED** to the Commissioner of Social Security to develop the record fully, conduct a new administrative hearing, and appropriately evaluate the evidence.

4. The Clerk of Court is directed to **CLOSE** the file on this case.

---

practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

s/ John E. Jones III
John E. Jones III
United States District Judge